**Opinion filed February 28, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00268-CV
_____

## IN THE INTEREST OF J.D.B. AND T.T.B., CHILDREN

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM 54,921**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother and father of J.D.B. and T.T.B. The mother voluntarily relinquished her parental rights and did not file an appeal. The father timely filed an appeal. In a single issue on appeal, he challenges the sufficiency of the evidence to support termination. We affirm.

*Termination Standard and Findings*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013). To

determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

In this case, the trial court found that the father had committed three of the acts listed in Section 161.001(1)—those found in subsections (D), (E), and (O). Specifically, the trial court found that the father had placed or allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that he had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and that he had failed to comply with the provisions of a court order as necessary for him to obtain the return of the children. The trial court also found, pursuant to Section 161.001(2), that termination of the father's parental rights would be in the best interest of the children. In his brief, the father does not challenge the sufficiency of the evidence to support the best interest finding.

### *Evidence at Trial*

The record shows that, prior to removal, the family was participating in family-based safety services based on a report received while the mother and the children were at "Safe Place" due to domestic violence. The Department of Family and Protective Services subsequently removed the children from their parents' care

2

after the father took the children from their placement and drove a vehicle while he was intoxicated with the children in the vehicle. The father was arrested and charged for the offense. At the time of trial, the father was incarcerated in the Institutional Division of the Texas Department of Criminal Justice. The father had been convicted of violating protective orders. The mother had obtained a protective order to keep the father away from her, but he repeatedly came to her place of employment. While this case was pending, the father was in and out of jail; "[m]ost of the time, it was for assaulting his paramour, [the children's mother]." The children told the Department's caseworker that they had seen their father hit their mother. According to the caseworker, the father attacked the mother three times while this case was pending; two of those occurred at the mother's place of employment. After one of the attacks, the father fled but was eventually arrested in Pecos County. Additional evidence relating to the best interest of the children was also presented at trial but need not be detailed here because the father does not challenge the best interest finding.

*Analysis*

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the father had engaged in conduct that endangered the physical or emotional well-being of the children. *See* FAM. § 161.001(1)(E). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the children's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.).

The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Domestic violence may constitute evidence of endangerment. *Id.*; *In re C.J.O.*, 325 S.W.3d 261, 265 (Tex. App.—Eastland 2010, pet. denied). Additionally, a parent's imprisonment is a factor to be considered under subsection (E) when determining whether the parent engaged in a course of conduct that endangered a child. *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex. 1987).

The evidence here showed a course of conduct committed by the father that endangered his children. The father was arrested and charged with driving while intoxicated with both children in the vehicle. The father repeatedly engaged in domestic violence against the mother. He was convicted of violating protective orders and was incarcerated for that conduct. Based on the record in this case, we hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(E). Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address the father's contentions that the evidence is insufficient to support the trial court's findings under subsections (D) and (O). *See* TEX. R. APP. P. 47.1. The father's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.

JOHN M. BAILEY

February 28, 2014                    JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.